UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY J. BELCHER,

    Plaintiff,

v.                                                   CASE NO. 8:16-cv-690-T-23AEP

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## **ORDER**

    Timothy J. Belcher sues (Doc. 22) Ocwen Loan Servicing, LLC, under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act (federal act); and Section 559.55, Florida Statutes, the Florida Consumer Collection Practices Act (Florida act). Ocwen moves (Doc. 25) under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss Belcher's amended class-action complaint.

    According to the complaint, in 2006 Belcher financed the purchase of a house with a loan secured by a mortgage. (Doc. 22 at 4) Belcher defaulted and applied for assistance under a federally sponsored program. (Doc. 22 at 5) Ocwen offered Belcher a trial period for the assistance program. (Doc. 22 at 6) Belcher paid the initial trial-period amount and continued timely payments. Belcher alleges that Ocwen violated the federal act and the Florida Act by attempting collection efforts on the principal loan after Belcher commenced the trial plan. (Doc. 22 at 39)

Ocwen argues that a February 2014 consent order in another action fails to provide Belcher with a private right of action and thus cannot form the basis of Belcher's claims (Doc. 25 at 5); that the "Home Affordable Modification Program" (HAMP) trial plan contradicts Belcher's claims (Doc. 25 at 7); that Belcher's federal and state claims fail as a matter of law (Doc. 25 at 9; Doc. 25 at 12); and that the amended complaint must be dismissed because Belcher — before filing the lawsuit — failed to notify Ocwen in accord with the mortgage's pre-suit notice-and-cure requirement. (Doc. 25 at 14)

**1. The Ocwen Consent Order**

In February 2014 in the U.S. District Court for the District of Columbia Ocwen entered into a consent order in an action by the Consumer Financial Protection Bureau and several states. Ocwen violated, among other laws, Florida's Deceptive and Unfair Trade Practices Act "in connection with its servicing and collections practices with respect to administration of [federally sponsored] assistance programs." (Doc. 22 at 23) Ocwen asserts that Belcher's amended complaint in this action "is comprised of [claims] that solely rely upon the consent order" and that the consent order fails to provide a private right of action. (Doc. 25 at 5) However, Belcher asserts no private right of action under the consent order; Belcher sues under the federal act and the Florida act. (Doc. 34 at 4)

**2. The "HAMP" Trial Plan**

Following Belcher's default Ocwen communicated with Belcher and offered a trial "HAMP plan." Ocwen argues that Belcher's agreement to the HAMP plan, which includes, among other things, Belcher's consent to receive foreclosure and eviction notices, "contradicts" Belcher's federal and Florida claims and therefore requires dismissal of the claims. (Doc. 25 at 7–8)

Belcher can sue under the federal act and Florida act regardless of the HAMP plan. Neither the federal act nor the Florida act permits a consensual waiver of the alleged claims. Although the Eleventh Circuit provides no guidance on whether a consumer may waive a statutory protection under the acts, other courts hold that a consumer may not waive a statutory right.* The legislation was "adopted . . . to protect customers from debt collectors' abusive practices." (Doc. 34 at 6) Accordingly, Belcher's HAMP plan does not preclude a right of action under the federal act and the Florida act.

**3. The Federal Act**

15 U.S.C. § 1692d states that:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general

---

* "[A] 'right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy." *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 704 (1945); *accord New York v. Hill*, 528 U.S. 110, 116 (2000). "A consumer's consent cannot waive protection from the practices the FDCPA seeks to eliminate . . . . Permitting such a waiver would violate the public policy goals pursued by the FDCPA." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 n. 5 (9th Cir. 2006).

> application of the foregoing, the following conduct is a violation of this section:
>
> > (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
> >
> > (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
> >
> > (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
> >
> > (4) The advertisement for sale of any debt to coerce payment of the debt.
> >
> > (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
> >
> > (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Belcher alleges that "[Ocwen's] actions and omissions constitute violations of . . . § 15 U.S.C. 1692d."  (Doc. 22 at 49)  The amended complaint fails to allege facts establishing that Ocwen used or threatened violence, used obscene language, published Belcher's name in a debtors list, harassed Belcher, or otherwise acted in a manner likely to violate Section 1692d.

Also, Belcher alleges a violation of Section 1692e(4) and Section 1692e(10). Section 1692e(4) prohibits "[the] representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such

action is lawful and the debt collector or creditor intends to take such action." Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

The "second delinquency notice" (Doc. 22-8) and the "third delinquency notice" (Doc. 22-9) each state that "[failure] to bring your loan current may result in fees and foreclosure — the loss of your home." (Doc. 34 at 7) Before Belcher's receipt of the delinquency notices Ocwen informed Belcher's counsel that "any foreclosure of the property would be placed on hold as long as timely payments were made during the trial period for the assistance program." (Doc. 22 at 7) "Ocwen unequivocally represented to Mr. Belcher that the non-payment of his unmodified mortgage loan would result in the sale of his property despite Ocwen's lack of intent to initiate or continue any foreclosure proceeding against him while he participated in the trial plan." (Doc. 34 at 7) Therefore, the amended complaint adequately alleges facts sufficient to state a claim under Section 1692e(4).

In evaluating a claim under Section 1692e(10), *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014), holds that the "least sophisticated consumer test" applies. Belcher argues that "Ocwen's collection effort during the [HAMP plan] are deceptive because [Ocwen] continues to threaten incurrence of additional fees or the foreclosure of [Belcher's] home if the delinquent payments on the unmodified mortgage loan are not paid [Doc 22-8; Doc. 22-9], despite the

consumer's compliance with the trial plan.  The notices are deceptive to consumers who would reasonably interpret [the notices] as requiring [a consumer] to bring the unmodified loan current in addition to or in lieu of paying the trial period amount." (Doc. 34 at 8)  Therefore, Belcher alleges facts sufficient to state a claim under Section 1692e(10).

Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt . . . . [t]he following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  Ocwen argues that Belcher "merely repeat[s] the statutory language without any factual allegations supporting a violation of the statute."  (Doc. 25 at 11)

Belcher alleges that Ocwen attempted to collect a fee from Belcher for service of process, which never occurred.  (Doc. 22 at 8)  The mortgage agreement (Doc. 22-1 at 11) "permits Ocwen to 'charge . . . fees for services performed in connection with Borrower's default.'"  (Doc. 34 at 8–9)  Under the mortgage agreement the lender may charge the borrower only for services performed. (Doc. 34 at 9)  The amended complaint properly alleges that Ocwen attempted to collect fees for services not performed, the collection of which is not authorized by the mortgage.  (Doc. 34 at 9)  Thus Belcher sufficiently alleges a violation of Section 1692f(1).

**4. The Florida Act**

Section 559.72(7), Florida Statutes, provides that "no person shall . . . [w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Belcher fails to allege any fact demonstrating that Ocwen willfully communicated with Belcher or his family at a level reasonably expected to constitute abuse or harassment. In fact the "amended complaint fails to include any facts that reflect any communications between Ocwen and [Belcher] . . . all of the alleged letters [Doc. 22-8; Doc. 22-9] and phone calls [Doc. 22 at 31] were between Ocwen and [Belcher's] counsel . . . . [T]he minimal facts found in [the] amended complaint, which only include communications with [Belcher's] counsel, cannot constitute harassment of the debtor, as a matter of law." (Doc. 25 at 12)

Section 559.72(9), Florida Statutes, states that "no person shall . . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Ocwen asserts that Belcher "wholly fail[s] to identify, provide, or attach any documentation or specific proof sufficient to support a claim that Ocwen had 'actual knowledge of impropriety, or of overreach' upon which a Section 559.72(9) claim can be based." (Doc. 25 at 13) Belcher argues that Ocwen's

first, second and third delinquency notices violate Section 559.72(9) "because the debt from the unmodified mortgage amount was unenforceable under the settlement terms of Ocwen's consent [order] . . . and [because] Ocwen had actual knowledge of the settlement terms" that "prohibited Ocwen from making 'collection efforts while the borrower (i) is making timely payments under a trial loan modification or (ii) has submitted a complete loan modification application, and a modification decision is pending.'"  (Doc. 34 at 9)

Belcher argues that Ocwen violated Section 559.72(9) by attempting to collect money by sending delinquency notices after Belcher sent a letter agreeing to the HAMP plan.  Further, Belcher argues that, because of the consent order, "Ocwen had actual knowledge that Mr. Belcher's unmodified loan amounts were not collectable during a trial period." (Doc. 34 at 10)  As Belcher states, "Ocwen misconstrues the use of [the consent order] by Mr. Belcher and the consent [order's] relationship to the causes of action . . . . [Belcher's] claims are not based on [Ocwen's] violations of the consent [order] . . . but rather are based on [Ocwen's] attempts to collect a debt that is not owed and to assert a legal right that does not exist." (Doc. 34 at 4)  Accordingly, Belcher alleges facts sufficient to state a claim under Section 559.72(9).

**5. The Mortgage's Pre-Suit Notice-and-Cure Requirement**

Ocwen insists on dismissal of the action because Belcher failed to meet an obligation under the mortgage to provide notice of a breach before suing.  (Doc. 25

at 14)  Belcher responds that Ocwen, as a loan servicer, cannot enforce the notice provision because Ocwen is a non-party to the contract and the claims in the amended complaint "do not 'arise from' the [contract] or the lender's action." (Doc. 34 at 10)  Belcher asserts several arguments about the notice requirement's failing to apply in this instance.  However, "[b]ecause the causes of action arise directly from alleged deceptive business practices that are prohibited by the FDCPA and FCCPA, rather than the mortgage itself . . . the notice-and-cure provision is inapplicable." (Doc. 34 at 13)  Belcher has a statutory right of action that is independent from the requirement under the mortgage agreement to give pre-suit notice.

## CONCLUSION

Ocwen's motion (Doc. 25) to dismiss is **GRANTED IN PART**.  Belcher's claim under 15 U.S.C. § 1692(d) and claim under Section 559.72(7), Florida Statutes, is **DISMISSED**  Belcher may proceed under 15 U.S.C. § 1692(e)(4), 15 U.S.C. § 1692(e)(10), 15 U.S.C. § 1692(f), and Section 559.72(9), Florida Statutes. No later than **JANUARY 6, 2017**, Belcher must again amend the complaint to conform to this order.

Rule 10(b) states that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  In this action, pleading the claims separately would promote clarity. In Count I, Belcher alleges that "[d]efendant's actions and omissions constitute violations of the

FDCPA . . . including, but not limited to, 15 U.S.C. § 1692d, 1692e, and 1692f." (Doc. 22 at 12). In Count II, Belcher alleges that "[d]efendant's actions and omissions constitute violations . . . including, but not limited to, FLA. STAT. § 559.72(7) and 559.72(9)." (Doc. 22 at 13)  Belcher must amend his complaint in accord with Rule 10(b) and allege each separate claim in a separate count.

ORDERED in Tampa, Florida, on December 15, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE